GARY M. RESTAINO
United States Attorney
District of Arizona

M. BRIDGET MINDER
Assistant U.S. Attorney
Arizona State Bar No. 023356
AMY C. CHANG
Assistant U.S. Attorney
Arizona State Bar No. 027566
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Bridget.Minder@usdoj.gov
Email: Amy.Chang@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 21-00699-PHX-GMS |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Chirag Patel, | |
| Defendant. | |

The government recommends a sentence of four years' imprisonment, three years' supervised release, and restitution of $87,522.25. For three years, defendant hacked into computers at a hotel chain to steal loyalty rewards points and personally identifying information (PII). Although this is his first hacking offense, defendant has a long criminal history. He started hacking while in prison so he could buy drugs and continued because he was pressured or threatened to do so. A four-year sentence appropriately balances defendant's history and characteristics and the nature and circumstances of his offense, and adequately addresses public policy concerns including the need to promote respect for the law, provide just punishment, afford adequate deterrence, and provide training, medical care, and other correctional treatment. A variance below 48 months is not warranted.

**The Guidelines Range and PSR**

The Presentence Investigation Report (PSR, doc. 42), calculates an offense level of 25 and a criminal history category of VI, which corresponds to a Guidelines range of 110-137 months. The statutory maximum term of imprisonment for the charge to which defendant pleaded guilty, 18 U.S.C. § 1030(a)(4) & § 1030(c)(3)(A), is five years. Accordingly, the PSR recommends a sentence of 60 months. *See* PSR at p. 24.

The government agrees with the Guidelines calculation in the PSR. In particular, the government believes there is a sufficient basis to impose a 14-level increase based on a loss amount between $550,000 and $1.5 million under U.S.S.G. § 2B1.1(b)(1)(H). *See* PSR ¶ 27. The total loss amount in this case—more than $750,000—includes $643,500 for the 1287 stolen credit card numbers defendant possessed. *See* PSR ¶¶ 11, 17, 27; *see also* U.S.S.G. § 2B1.1, Application Note 3(F)(i) (setting a minimum loss amount of $500 per stolen credit card number).

Although the Ninth Circuit recently held Application Note 3(F)(i) is not binding, there is good reason to apply it here. In *United States v. Kirilyuk*, the Ninth Circuit considered whether the $500/card minimum set by Application Note 3(F)(i) should apply to a scheme designed to charge only a small amount per stolen credit card. 29 F.4th 1128, 1134-39 (9th Cir. 2022). Kirilyuk and his co-conspirators possessed nearly 120,000 stolen AMEX credit card numbers; they set up fake businesses using stolen identities; and then the fake businesses charged a small amount to the cards—typically $15 to $30 per card—to avoid detection by the cardholders. *Id*. at 1133. The scheme involved an actual loss of $1.4 million and an intended loss of $3.4 million. *Id*. Applying the $500 multiple in Application Note 3(F)(i) to the nearly 120,000 stolen AMEX credit cards, however, resulted in a loss amount of nearly $60 million dollars. *Id*. at 1133. Considering the specific facts of the scheme in *Kirilyuk*, the Ninth Circuit held "Application Note 3(F)(i) thus operates as an enhanced punishment, rather than an assessment of 'loss' tied to the facts of the case." *Id*. at 1138.

Here, unlike *Kirilyuk*, there was no plan to charge only small amounts to the stolen credit card numbers. Defendant himself tried to charge in excess of $500 to some stolen credit card numbers, including Arizona victim J.T. *See* PSR ¶ 15 (noting defendant charged $121.69 to J.T.'s card and attempted to charge an additional $635.67). Emails found in defendant's Google accounts show that he attempted to charge in excess of $500 to other stolen credit card numbers, for example:

- $535.35 at Walmart for a Samsung 4K Smart TV (PATEL_001705)
- $588 at Budget Credit Club Dept. (PATEL_002179)
- $604.99 at Office Depot for a Lenovo IdeaPad Laptop (PATEL_002187)
- $659.99 at Office Depot for a Lenovo Flex5 Laptop (PATEL_002188, 2205)
- $1,164.92 for a plane ticket from San Jose to Baltimore (PATEL_002198)

In addition, defendant also tried to sell stolen credit card numbers. *See* PSR ¶ 15. There is no indication that the potential purchasers were going to limit their usage of the stolen cards to small amounts, unlike the defendants in *Kirilyuk*.[1]

### The § 3553(a) Factors

The government believes a sentence of four years' imprisonment, plus three years of supervised release and restitution, is sufficient but not greater than necessary to comply with the § 3553(a) factors.

**I.   The nature and circumstances of the offense**

Defendant's offense was serious. As detailed in the PSR and factual basis, for three years, defendant used various social engineering tactics to hack into the victim's computer system. Once he was in the system, he stole two primary things. First, he stole customer reward points, which he used to book free hotel stays and redeemed for other items, such as gift cards. Second, he stole credit card numbers and other personally identifying information (PII) from hotel guests and members of the victim's loyalty program. He then

---

[1] Without the $500 multiplier in Application Note 3(F)(i), the loss amount would be between $95,000 and $150,000, and defendant's total offense level would be 19.

used the stolen credit card numbers to make thousands of dollars in purchases himself and also tried to sell the stolen credit card numbers to others. *See* PSR ¶¶ 5-16.

Defendant's hacking scheme started while he was in custody on other charges and continued after his release. *See* PSR ¶¶ 9, 24. In some ways, this make his offense more serious; however, it also cuts the other way. Defendant's offense appears to have been motivated, at least in part, by his addiction, fear, and desperation. This makes him unlike many other hackers and fraudsters, who are motivated by greed or ego.

## II.     Defendant's history and characteristics

Defendant's father describes him as good-natured and intelligent. PSR ¶ 73. The government has found this description to be accurate in its interactions with defendant. Defendant confessed to his offense soon after his arrest and took sole responsibility for his actions.

As his father also notes, defendant has struggled with mental health and substance abuse issues since he was a young man. *See* PSR ¶¶ 73, 75-80. It appears that his lengthy criminal history and the instant offense largely stem from those two issues. *See* PSR ¶¶ 41-54, 73. Most of defendant's prior offenses have been misdemeanors with minimal jail time. PSR ¶¶ 41-50, 52, 54. Defendant's longest sentence to date, for a felony robbery conviction in Alabama, resulted in five years' imprisonment. PSR ¶ 51.

## III.    Public policy factors

The government believes that the public policy factors in 18 U.S.C. § 3553(a)(2) are adequately addressed by a sentence of four years. A four-year sentence, followed by a three-year term of supervised release, is sufficient but not greater than necessary to deter similar crimes, protect the public, promote respect for the law, and provide just punishment. In addition, the requested sentence will provide defendant opportunities for educational or vocational training, medical care, and other correctional treatment. *See* PSR ¶¶ 72, 80.

**Conclusion**

For all of these reasons, the government asks the Court to impose a sentence of four years' imprisonment, followed by three years' supervised release, and restitution as specified in the PSR.

Respectfully submitted this 30th day of January, 2023.

GARY M. RESTAINO<br>
United States Attorney<br>
District of Arizona<br><br>
<i>/s/ M. Bridget Minder</i><br>
M. BRIDGET MINDER<br>
AMY C. CHANG<br>
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Chalet Braziel, Attorney for Defendant Chirag Patel.

*/s/ Theresa Hanson*
U.S. Attorney's Office